

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Ojserkis v. Aprile

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ojserkis v. Aprile" (2007). *2007 Decisions.* Paper 528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1727
_____

MAURICE J. OJSERKIS,

Appellant

v.

DOMINIC J. APRILE; BATHGATE WEGENER & WOLF; LAWRENCE
E. BATHGATE; PETER H. WEGENER; WILLIAM J. WOLFE; DOROTHY F.
MCCROSSON; TAHT, STANTON & MCCROSSON, P.C.; DANIEL J. YOUNG

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-05089 )
District Judge:  Honorable Renee Marie Bumb
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2007

Before:    RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES.

(Filed  August 28, 2007)
_____

OPINION
_____

PER CURIAM

    Maurice Ojserkis appeals from the order of the United States District Court for the

District of New Jersey dismissing his civil rights complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because Ojserkis has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  We will dismiss an appeal if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Ojserkis filed a complaint pursuant to 42 U.S.C. § 1983, alleging that five of the Appellees, four private attorneys and a law firm, entered into a tainted retainer agreement with him.  Ojserkis alleges that as a result of the aforementioned Appellees' conflict of interest and negligence, he was subject to an unwanted arbitration hearing with the remaining Appellees, who are also private attorneys and a law firm.  The District Court dismissed Ojserkis's complaint pursuant § 1915(e)(2)(B)(ii) without an opportunity to amend.

We have held when a complaint is dismissed for failure to state a claim upon which relief may be granted, a plaintiff should be granted the opportunity to amend his complaint unless amendment would be futile.  Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).  Here, the District Court concluded that any amendment to Ojserkis's complaint would have been futile because Appellees were private attorneys and private law firms, and, thus, were not acting under the color of state law as is required by § 1983.  We agree.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County

2

v. Dodson, 454 U.S. 312, 318 (1981).  Because the Appellees are not state actors,

Ojserkis has failed to state a claim under § 1983.  No amendment can cure this defect.

For the foregoing reasons, we will dismiss this appeal pursuant to  28 U.S.C.

§ 1915(e)(2)(B).  Ojserkis's motion for appointment of counsel is denied.